UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN
COURT MINUTES & ORDER



2007 JAN 12 PM 2:33

| | |
|---|---|
| CHAPTER | 13 |
| DATE: | January 9, 2007 |
| JUDGE: | Margaret Dee McGarity |
| CASE NO.: | 06-26904-MDM |
| DEBTOR: | Douglas C. Wilke |
| NATURE OF HEARING: | Debtor's motion to reinstate the automatic stay, request for temporary order continuing the automatic stay, and objection to Wells Fargo Bank, NA's affidavit of no extension continuing the automatic stay. |
| APPEARANCES: | Rebecca Garcia for the Chapter 13 Trustee<br>Brian Thill, Attorney for Wells Fargo Bank, NA<br>Gregory Dantzman, Attorney for Debtor<br>Douglas C. Wilke, Debtor |
| COURTROOM DEPUTY: | Carolyn A. Belunas |
| COURT REPORTER: | Lisa Weninger-Breuer |
| TIME: | 1:10 - 1:50 p.m. |

### Testimony of Douglas C. Wilke

The court heard testimony from the debtor with regard to his current income and expenditures. His previous bankruptcy case was dismissed due to his inability to maintain payments under the plan. He was performing work for a contractor who was not compensating him on a regular basis. He is working for a new contractor and making sufficient income to maintain expenses and plan payments, and he has the ability to complete this case.

### Argument

Mr. Thill argued the motion to extend the automatic stay was not heard within 30 days. The debtor has not exhibited by clear and convincing evidence that his plan will succeed. He requested the court deny the motion to reinstate the automatic stay.

Mr. Dantzman believes his client filed this case in good faith. Had it not been for the court being closed on January 2, 2007, his client would have been afforded the opportunity to have his motion heard timely. He requested the court grant the motion to reinstate the automatic stay.

### Decision

This court has jurisdiction under 28 U.S.C., § 1334. This is a core proceeding concerning the automatic stay. 28 U.S.C. § 157(b)(2)(G).

This case was filed on December 4, 2006, and the motion to extend the automatic stay under 11 U.S.C. § 362(c)(3) was filed the following day. The hearing was scheduled for January 2, 2007. On December 29, 2006, President Bush declared January 2, 2007, a National Day of Mourning for former President Gerald R. Ford, and the courthouse would be closed. The attorneys were notified on Friday afternoon, December 29, 2006, by telephone that the matter would have to be rescheduled, noting that the thirty-day period prescribed by 11 U.S.C. § 362(c)(3) ended on Wednesday, January 3, 2007. Mr. Dantzman called the court on that Wednesday and learned that the judge was holding court in Oshkosh on that day and was unavailable.

Mr. Dantzman argued the special circumstances should excuse the debtor from meeting the thirty-day deadline. The debtor made the motion in plenty of time, the court scheduled the hearing for timely completion, and penalizing the debtor would be unfair. The court agreed but held that the statute does not allow for an extension under the circumstances. Rule 9006(a) provides that when an act is required to be done, and the last day falls on a weekend or holiday, or on a day when weather or other conditions make the clerk's office inaccessible, the time runs on the next day when such conditions do not exist. The courthouse was open on January 3, 2007, and another judge was available to hear the matter.

1



06-26904-MDM
Douglas C. Wilke

The court also declined to apply 11 U.S.C. § 362(c)(4) to a situation when only one case was pending and dismissed during the prior year. While other courts have done so, such as *In re Toro-Arcila*, 334 B.R. 224 (Bankr. S.D. Tex. 2005), and this court's colleague in *In re Gray*, Case No. 05-45793 (Jan. 30, 2006), this court holds that the prefatory language in that subsection limiting its application to cases where the debtor had two pending and dismissed cases during the year prior to filing the instant case precludes reinstating the stay under that subsection. Both of those courts opined that Congress could not have meant to require the "gamesmanship" that could be used to avoid the result today; that is, all the debtor would need to do is to dismiss the case to which 11 U.S.C. §362(c)(3) applies and immediately file a case to which 11 U.S.C. § 362(c)(4) applies. Then the hearing need not be within thirty days as long as the motion is filed within thirty days of filing. However, this court is persuaded that Congress fully intended that the statutes be applied literally, without application of judgment, common sense, or any attempt to harmonize ridiculous inconsistencies. One need only review the voluminous litigation that has resulted from the means test, especially as applied to above median income debtors, 910 car cases, and pre-filing credit briefing cases as proof of this intended principle. This policy necessitates gamesmanship to make the system work for those who need it.

The motion to reinstate the automatic stay is denied. The order signed by the court on January 5, 2007, determining that the stay was no longer in existence stands.

Notwithstanding this court's decision, the court noted that had the debtor come before the court on January 2, 2007, he would have prevailed on his motion to continue the automatic stay. He exhibited by clear and convincing evidence that this case was filed in good faith, and that his circumstances have changed affording him the ability to complete the case.

SO ORDERED.

January 12, 2007

Margaret Dee. McGarity
Chief Judge, U.S. Bankruptcy Court

Copy mailed/delivered to the parties listed below.

Attorney Gregory T. Dantzman
324 East Wisconsin Avenue - Suite 415
Milwaukee, WI 53202

Attorney Brian Thill
1414 Underwood Avenue - Suite 403
Wauwatosa, WI 53213

Attorney Mary Grossman
740 North Plankinton Avenue - Suite 400
Milwaukee, WI 53203

2

Case 06-26904-mdm    Doc 27    Filed 01/12/07    Page 2 of 2